NOT DESIGNATED FOR PUBLICATION

No. 123,413

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HENRY TORRES BARNHART,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; ANDREW STEIN, judge. Opinion filed January 28, 2022. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Michael R. Serra*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., POWELL and ISHERWOOD, JJ.

PER CURIAM: Henry Torres Barnhart appeals the district court's revocation of his probation and imposition of his underlying prison sentence. Barnhart claims he was entitled to the imposition of intermediate sanctions before having his probation revoked and, because that was not done, the district court abused its discretion by revoking his probation. However, an exception to this rule exists if an offender is given a dispositional departure to probation. Our review of the record shows that Barnhart was given a dispositional departure to probation, and the district court implicitly relied upon this fact when revoking his probation. Thus, we affirm.

1

As part of a plea agreement with the State, and for crimes he committed in January 2019, Barnhart pled guilty to one count of possession of methamphetamine, a severity level 5 drug felony, and one count of theft, a class A misdemeanor. In exchange for his plea, the parties agreed to recommend that the district court grant Barnhart a dispositional departure to probation. At sentencing, the district court expressed its displeasure with the agreement and said that it believed Barnhart would not comply with the terms of his probation. Nevertheless, the district court followed the agreement and sentenced Barnhart to 42 months in prison but granted him a dispositional departure to probation for 12 months.

About six months later, the State moved to revoke Barnhart's probation after he admitted to using methamphetamine and failed to report twice. Over the next 10 months the State filed three amended affidavits that alleged more probation violations. In the final amended affidavit, the State alleged Barnhart had failed to report contact with law enforcement after he was pulled over and issued four traffic citations, including two misdemeanors—driving while suspended and failure to present liability insurance. The affidavit did not allege that Barnhart had committed a new crime. At the revocation hearing, Barnhart stipulated to the violations and asked the district court to allow him to remain on probation so he could move to Liberal, get a job, and enter inpatient drug treatment. The State asked the district court to impose Barnhart's full sentence because he had a criminal history score of A, had been granted a dispositional departure at sentencing, and had been unable to kick his drug habit. The district court remarked:

> "Based on the information provided me, it is clear, Mr. Barnhart, that you have had ample opportunities to comply with probation, specifically to seek treatment for the drug habit. And, you've simply just refused or been unable to comply with that or make it happen.

> "For those reasons, I am going to adopt the recommendation of the State. I am going to revoke your probation and order that you serve your underlying sentence in the Department of Corrections."

On the journal entry, the district court checked the box that it revoked Barnhart's probation because: "Original sentence result of dispositional departure."

Barnhart timely appeals.

Barnhart argues the district court abused its discretion when it imposed his underlying prison sentence after revoking his probation because K.S.A. 2018 Supp. 22-3716(c) required the court to impose intermediate sanctions. The State counters that revocation was proper for two reasons: (1) Barnhart was cited for two misdemeanor traffic crimes while on probation, and (2) Barnhart received a dispositional departure to probation.

It is undisputed that once a probation violation has been established, the decision to revoke probation lies within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Barnhart bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2018 Supp. 22-3716. According to the law in effect at the time Barnhart committed his crimes, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke an

3

offender's probation without imposing sanctions if probation was originally granted as the result of a dispositional departure. K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Barnhart's principal argument is that the district court failed to make the necessary findings to revoke his probation. Specifically, he claims the district court erred by failing to make particularized findings to support the public safety exception to the intermediate sanctions requirement. See K.S.A. 2018 Supp. 22-3716(c)(9)(A). The State counters that because Barnhart committed new crimes while on probation, the district court had the authority to revoke his probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A) (exception to intermediate sanctions requirement if "offender commits a new felony or misdemeanor while the offender is on probation"). We reject both these arguments because the State never alleged that Barnhart committed a new crime while on probation, nor does the record show if he was convicted of any new offenses while on probation. As for whether the district court ever made any particularized findings, while the record is clear it did not, it is also apparent from the record that the district court was not relying on public safety or offender welfare as grounds to revoke Barnhart's probation.

The State also argues, and we agree, that the dispositional departure exception to the intermediate sanctions requirement applies here. As we have indicated, intermediate sanctions are not required if a defendant is given a dispositional departure to probation. K.S.A. 2018 Supp. 22-3716(c)(9)(B). Here, it is undisputed that Barnhart was given a dispositional departure to probation. However, Barnhart argues that the district court never invoked this exception in its ruling. We disagree. When recommending that the district court revoke Barnhart's probation, the prosecutor specifically mentioned the fact that Barnhart had been given a dispositional departure, and the district court adopted the State's arguments when making its ruling. Thus, the district court implicitly invoked the dispositional departure exception when revoking Barnhart's probation.

Given that the district court had the legal authority to revoke Barnhart's probation, and as Barnhart advances no other arguments as to why the district court's revocation of his probation was error, we find no abuse of discretion in the district court's decision to revoke Barnhart's probation and impose his underlying prison sentence.

Affirmed.